**MEMO ENDORSED**



September 9, 2020

*Via ECF*

The Hon. Edgardo Ramos
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square, Courtroom 619
New York, NY 10007

> The application is __X__ granted
> ____ denied
>
> _[signature]_
> Edgardo Ramos, U.S.D.J
> Dated: September 10, 2020
> New York, New York

Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

+1 650 614 7400
**orrick.com**

Amy Van Zant
E  avanzant@orrick.com
D  +1 650 614 7403

Re:  ***Tradeshift, Inc. v. Smucker Services Company, Case No. 1:20-cv-3661-ER****: Request to Continue Sealing Portions of Exhibit A to Van Zant Declaration (Dkt. No. 32-1)*

Honorable Judge Edgardo Ramos:

   Pursuant to Procedure 3(ii) of the Court's Individual Practices, Plaintiff Tradeshift, Inc. ("Tradeshift") respectfully requests continued sealing of portions of Exhibit A to the Declaration of Amy Van Zant in Support of Tradeshift's recently filed Motion to Dismiss, which has been filed under seal as docket number 32-1 and concurrently with this motion. A public redacted version is also being filed concurrently with this motion.

   The presumption of public access to judicial documents must be balanced against countervailing factors, such as whether the materials at issue contain "sensitive and proprietary information." *See Awestruck Mktg. Grp., LLC v. Black Ops Prods.*, LLC, No. 16-CV-3969 (RJS), 2016 WL 8814349, at *2 (S.D.N.Y. June 20, 2016); *see also Playtex Prod., LLC v. Munchkin, Inc.*, No. 14-CV-1308 (RJS), 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016). Accordingly, this Court has "considerable discretion" to determine that certain court documents may be withheld from the public. *Geller v. Branic Int'l Reality Corp.*, 212 F.3d 734, 738 (2d Cir. 2000).

   Documents may be filed under seal if the closure is essential to preserve higher values and is "narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). To overcome the presumption of public filing, this Court determines whether the documents are judicial documents, assesses the weight of the common law presumption of access to the materials, and balances competing considerations against this presumption of access. *Id.* at 119-120. A judicial document is one that is "relevant to the performance of the judicial function and useful in the judicial process," *Lugosch*, 435 F.3d at 119, or has the tendency to influence a District Court's ruling. *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019); *see United States v. HSBC Bank USA, N.A.*, 863 F.3d 125 (2d Cir. 2017). "The mere filing of a paper or document with the court is insufficient to render that paper a



The Honorable Edgardo Ramos
September 9, 2020
Page 2

judicial document subject to the right of public access." *United States v. Gatto*, No. 17-CR-686 (LAK), 2019 WL 4194569, at *2 (S.D.N.Y. Sept. 3, 2019).

Even if a document is considered a judicial document triggering the presumption of public access, however, the weight of that presumption is low if the document (or sealed portions thereof) does not *directly* affect an adjudication. *Gatto*, 2019 WL 4194569, at *6 (weight of the presumption of access to these materials is diminished where a court's exercise of authority with respect to materials that were admitted in court is "ancillary to the court's role in adjudicating a case"); *Collado v. City of New York*, 193 F. Supp. 3d 286, 291 (S.D.N.Y. 2016) (redactions or sealing of nonpublic information warranted where the information was irrelevant to the motion for summary judgment). Moreover, disclosure of sensitive information that would cause a competitive disadvantage can overcome the presumption of access. *Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 Fed. App'x. 615, 617 (2d Cir. 2009) (upholding a party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access."); *see also Bergen Brunswig Corp. v. Ivax Corp.*, No. 97 CIV. 2003 (PKL), 1998 WL 113976, at *3 (S.D.N.Y. Mar. 12, 1998) (finding that courts have found good cause for permitting filing under seal where public filing would disclose commercially sensitive and confidential information).

Tradeshift seeks to keep under seal certain portions of Exhibit A to the Van Zant declaration, which is the June 30 Services Agreement between Smucker and Tradeshift. The document is marked confidential and is not the type of document either party to the agreement discloses to the public. Indeed, as stated in Section 4 of the document, the parties have contractually agreed to keep sensitive portions of the agreement confidential. Tradeshift has highlighted portions of the document to be sealed in the under seal version of the document filed concurrently with this motion (and redacted them in the public version). These portions of the agreement contain information that comprises (1) sensitive pricing information, (2) technical details and product information, (3) information that is subject to contractual confidentiality obligations, and/or (4) information that is not material to the Court's adjudication of Tradeshift's Motion to Dismiss.

Public disclosure of the redacted information would likely cause substantial harm to Tradeshift, including competitive harm. Disclosure of certain material terms and pricing information, for example, could be used by customers as leverage in future negotiations and/or could be used by Tradeshift's competitors to undercut Tradeshift in bidding for future



The Honorable Edgardo Ramos
September 9, 2020
Page 3

opportunities.  *See e.g.*, *CBS Corp. v. FCC*, 785 F.3d 699, 702 (D.C. Cir. 2015) (certain agreements should not be publicly disclosed publicly because competitors may "peruse those documents, figure out what [disclosing party] charges for [services], and then price its own [services] accordingly."); *Apple v. Samsung Elecs. Co., Ltd.*, 2013 WL 3958232, at *3-4 (N.D. Cal. July 29, 2013 (granting motion to seal information regarding scope of license because disclosure could "place [disclosing party] in a diminished bargaining position in future negotiations with potential customers and competitors, thereby causing significant harm to [disclosing party's] competitive standing.").  And, as noted above, Tradeshift is contractually obligated to keep such sensitive information confidential by the agreement itself.  *See Mars, Inc. v. JMC Am. Corp.,* 2007 WL 496816, at *2-3 (D.N.J. Feb 13, 2007) (permitting filing under seal where party was contractually obligated to keep information confidential and disclosure would "dampen [Plaintiff's] ability to negotiate effectively favorable terms" in the future).  Disclosure of technical information about Tradeshift's products, processes, services, etc. could similarly cause substantial harm to Tradeshift.  The information could be used by competitors to adjust their own product offerings to more effectively compete with Tradeshift and/or could be used by third parties to undermine the data security measures associated with Tradeshift's products and offerings.

   Moreover, most of the terms and information in the agreement are not material to the Courts task of adjudicating Tradeshift's motion to dismiss and thus are not entitled to the full presumption of access.  *See Collado,* 193 F. Supp. 3d at 291.  In the attached public redacted version of Exhibit A to the Van Zant declaration, Tradeshift has not redacted the provisions that are material to the pending motion to dismiss (*i.e.*, relevant portions of the termination provision, warranty, and integration clause that the parties discussed in their pre-motion letter briefs).  *See* Dkt. Nos. 22 and 25.  For the reasons stated above, the confidentiality of the remaining information outweighs the presumption of access here, and Tradeshift therefore requests that the Court continue to seal the indicated portions of Exhibit A to the Van Zant Declaration, which has been filed concurrently with this motion to seal and as Ex. 32-1, with only the public redacted version of the document being filed in the public docket.

                                                                Respectfully submitted,
                                                                */s/ Amy K. Van Zant*
                                                                Amy K. Van Zant