

950 Main Avenue, Suite 1100 | Cleveland, OH 44113-7213 | TEL 216.592.5000 | FAX 216.592.5009

## MEMO ENDORSED

October 9, 2020

DIRECT DIAL 216.696.2476 | chelsea.mikula@tuckerellis.com

**VIA ECF**

The Honorable Edgardo Ramos
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square, Courtroom 619
New York, NY 10007

> Defendant's request to file under seal redacted portions of requests for proposals and business requirements documents is granted.
>
> It is SO ORDERED.
>
> _____
> Edgardo Ramos, U.S.D.J
> Dated: 10/9/2020
> New York, New York

Re:  *Tradeshift, Inc. v. Smucker Services Company*, Case No. 1:20-cv-3661-ER
  *Request to Seal Portions of Exhibits A and B to Mikula Declaration*

Dear Judge Ramos:

Pursuant to Procedure 3(ii) of the Court's Individual Practices, Defendant Smucker Services Company ("Smucker") respectfully requests permission to file under seal redacted portions of (1) the Request for Proposals ("RFP") and (2) the Business Requirements Documents ("BRD") referenced in Smucker's Counterclaim but not attached to it. The RFP and BRD will be Exhibits A and B respectively to the Declaration of Chelsea Mikula cited in Smucker's Opposition to Tradeshift's Motion to Dismiss Counterclaim.

This Court has "considerable discretion" to determine that certain court documents may be withheld from the public. *Geller v. Branic Int'l Reality Corp.*, 212 F.3d 734, 738 (2d Cir. 2000). Documents may be filed under seal if the closure is essential to preserve higher values and is "narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). To overcome the presumption of public filing, this Court determines whether the documents are judicial documents, assesses the weight of the common law presumption of access to the materials, and balances competing considerations against this presumption of access. *Id.* at 119-20. A judicial document is one that is "relevant to the performance of the judicial function and useful in the judicial process," *Lugosch*, 435 F.3d at 119, or has the tendency to influence a District Court's ruling. *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019); *see United States v. HSBC Bank USA, N.A.*, 863 F.3d 125 (2d Cir. 2017).

The RFP and BRD should be sealed because they contain "sensitive and proprietary information" about Smucker's internal evaluation process for potential vendors. *See Awestruck Mktg. Grp., LLC v. Black Ops Prods., LLC*, No. 16-CV-3969 (RJS), 2016 WL 8814349, at *2 (S.D.N.Y. June 20, 2016). Both documents contain confidential information about Smucker's business and technical needs. Public disclosure of the redacted information would likely cause substantial harm to Smucker as it would essentially give potential vendors an unfair advantage as they will know how Smucker conducts it procure to pay system. *See Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 Fed. App'x. 615, 617 (2d Cir. 2009) ("interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access"). Thus, the portions of the RFP and BRD that contain proprietary and confidential information about Smucker's vendor selection process are redacted. In addition, these documents contain information subject to a mutual confidentiality agreement between Smucker and Plaintiff. For these reasons, the interests of

Tucker Ellis LLP

October 9, 2020
Page 2

confidentiality outweigh the presumption of public access here, and Smucker therefore requests that the Court seal the redacted portions of Exhibits A and B to the Mikula Declaration filed concurrently with this motion to seal.

    Sincerely,

    TUCKER ELLIS LLP

    *Chelsea Mikula*

    CHELSEA MIKULA

CAM:ds

010580\000043\4881535.1